UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ABIMAEL RODRIGUEZ,<br><br>　　　　　　　　　Petitioner,<br>　　v.<br><br>WARDEN LOVELOCK CORRECTIONAL CENTER, *et al.*,<br><br>　　　　　　　　　Respondents. | Case No. 3:24-cv-00498-MMD-CSD<br><br>ORDER |

Petitioner Abimael Rodriguez, a *pro se* Nevada prisoner, commenced this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1-1 ("petition")). The Court ordered Rodriguez to resolve the filing fee, and he timely complied. (ECF Nos. 3, 4.) This matter is presently before the Court for initial review under the Rules Governing Section 2254 Cases.¹

Under Habeas Rule 4 the assigned judge must examine the habeas petition and order a response unless it "plainly appears" the petitioner is not entitled to relief. *See also Valdez v. Montgomery,* 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *See Hendricks v. Vasquez,* 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). Courts may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson,* 147 F.3d 1124, 1128 (9th Cir. 1998).

Rodriguez has not filed his petition on the appropriate form; however, he is in substantial compliance and his petition is legible. *See* Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts. Rodriguez has named as

---

¹All references to a "Habeas Rule" or the "Habeas Rules" in this Order identify the Rules Governing Section 2254 Cases in the United States District Courts.

respondent the Warden for Lovelock Correctional Center. A habeas corpus petition shall allege (as Respondent) "the name of the person who has custody" over the petitioner and "by virtue of what claim or authority, if known." 28 U.S.C. § 2242; *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The Court is informed that Nethanjah Breitenbach is the name of the warden for Lovelock Correctional Center. *See* Lovelock Correctional Center Facility | Nevada Department of Corrections. The Court construes Rodriguez's petition as naming Nathanjah Breitenbach as the warden respondent.

Rodriguez challenges the constitutionality of his confinement under a judgment of conviction dated March 25, 2022, by the Second Judicial District Court in Washoe County, Nevada. (ECF Nos. 1-1 at 1-2.) *See also Rodriguez v. State*, 550 P.3d 849, 2024 WL 3298315, at *1 (Nev. App. 2024).[2] According to the petition and the state court records, Rodriguez pleaded guilty to three counts of Attempted Lewdness with a Child Less Than 14 Years of Age. On March 23, 2022, Rodriguez was sentenced to three terms of imprisonment in the Nevada Department of Corrections. Each term was imposed for a maximum of 240 months with a minimum parole eligibility of 72 months, to run consecutive to one another. Thus, Rodriguez's aggregate sentence is 720 months with minimum parole eligibility at 216 months.

Rodriguez filed no state direct appeal but, on April 4, 2023, he filed a state petition for writ of habeas corpus seeking post-conviction relief. The petition was denied as procedurally barred and Rodriguez appealed. The Nevada Court of Appeals affirmed finding the petition was untimely and Rodriguez failed to overcome the procedural bar. Rodriguez's request for rehearing was denied and remittitur issued on October 10, 2024.

On November 6, 2024, Rodriguez initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1-1.) His petition alleges four claims of ineffective assistance of trial counsel in violation of the United States Constitution. Having conducted an initial review,

---
[2]The Court takes judicial notice of the publicly-available online dockets and records of the Second Judicial District Court in Washoe County, Case Information - Washoecourts, and the Nevada appellate courts, 87357: Case View.

the Court directs service of the petition and a response.

It is therefore ordered that the Clerk of Court file the petition (ECF No. 1-1).

It is further ordered that the Clerk of Court add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, and provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the Office of the Attorney General only.

It is further ordered that Respondents will have 60 days from the date the petition is electronically served to appear in this action and file a response to the petition, including potentially by motion to dismiss.

It is further ordered that Petitioner may file a reply within 60 days after service of the answer to the petition.

It is further ordered that, should either party file a motion, including a motion instead of a pleading, the time for responses and replies will be governed instead by Local Rule 7-2(b).

It is further ordered that any procedural defenses, including exhaustion, that Respondents raise in this case, must be raised in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart,* 406 F.3d 614, 623-24 (9th Cir. 2005).

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Respondents must file a set of state court exhibits relevant

to their response to the petition, in chronological order, and indexed as discussed, *infra*.

It is further ordered that all state court records and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.,* ECF No. 10). Each exhibit must then be filed as an "attachment" to the base document for each exhibit to receive a sequenced sub-docket number (*e.g.,* Exhibit 1 (ECF No. 10-1), Exhibit 2 (ECF No. 10-2), Exhibit 3 (ECF No. 10-3), and so forth). If the exhibits span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A). The purpose of this provision is to ensure the Court and any reviewing court may quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

It is further ordered that any hard copy exhibits for this case be forwarded to the Reno Clerk's Office.

DATED THIS 26th Day of November 2024.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE