UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| ABIMAEL RODRIGUEZ, | Case No. 3:24-cv-00498-MMD-CSD |
|---|---|
| Petitioner, | ORDER |
| v. | |
| WARDEN LOVELOCK CORRECTIONAL CENTER, *et al.*, | |
| Respondents. | |

## I. SUMMARY

In this pro se habeas action, Respondents filed a Motion for Leave to File Exhibit 22 *In Camera* and Under Seal ("Motion to Seal" (ECF No. 10)) and Petitioner Abimael Rodriguez filed a Motion for an Extension of Time (First Request) ("Motion to Extend Time" (ECF No. 14)) to file a response to the Motion to Dismiss. The Court denies the Motion to File Exhibit 22 *In Camera* and grants the remaining motions.

## II. MOTION FOR LEAVE TO FILE EXHIBIT UNDER SEAL

To overcome the strong presumption in favor of public access, a party seeking the sealing of exhibits filed in an action must make a particularized showing as to why the exhibit should be sealed and provide compelling reasons, supported by specific factual findings, for the request. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010). In general, compelling reasons for sealing exist when court records might become a vehicle for improper purposes, such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Demaree v. Pederson*, 887 F.3d 870, 884 (9th Cir. 2018) (quoting *Kamakana*, 447 F.3d at 1179).

Respondents move (ECF No. 10) for leave to file *in camera* and under seal Exhibit

22, a Presentence Investigation Report ("PSI") (ECF No. 11-1). Rodriguez filed no response to the motion and the time to do so has expired. Under Nevada law, the PSI is "confidential and must not be made a part of any public record." NRS § 176.156(5). Having considered the matter under *Kamakana* and its progeny, the Court finds a compelling need to protect individual privacy outweighs the public interest in open access to the PSI and considers Exhibit 22 properly filed under seal. *See Kamakana*, 447 F.3d at 1179. Although Respondents request filing Exhibit 22 *in camera* for the safety of the victim, the prison staff, and Rodriguez, this is accomplished by sealing the exhibit.

### III. MOTION TO EXTEND TIME

Rodriguez moves for a 28-day extension of time to respond to the Motion to Dismiss (ECF No. 14) and anticipates that he will move for the appointment of counsel. Respondents oppose the Motion to Extend Time (ECF No. 15) to the extent Rodriguez bases his need for additional time on delays at the prison library. Rodriguez replied with a detailed explanation demonstrating his request is made in good faith and not solely for the purpose of delay (ECF No. 16). Good cause exists to grant the Motion to Extend Time.

### IV. CONCLUSION

It is therefore ordered that Respondents' Motion for Leave to File Exhibit 22 *In Camera* and Under Seal (ECF No. 10) is granted in part and denied in part. The Motion to File Exhibit 22 (ECF No. 11-1) Under Seal is granted and the exhibit is considered properly filed under seal. Respondents' Motion to File Exhibit 22 *In Camera* is denied without prejudice.

It is further ordered that Petitioner Abimael Rodriguez's Motion for an Extension of Time (First Request) (ECF No. 14) to file a response to the Motion to Dismiss is granted. Rodriguez will have until March 10, 2025, to file a response to the Motion to Dismiss.

DATED THIS 26th Day of February 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE