UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ABIMAEL RODRIGUEZ,

Petitioner,

v.

DÉBORA BORGAS,[1] *et al.*,

Respondents.

Case No. 3:24-cv-00498-MMD-CSD

ORDER

This counseled habeas matter comes before the Court on Respondents' Motion to Dismiss Petitioner Abimael Rodriguez's First Amended Petition for a Writ of Habeas Corpus. (ECF No. 28("Motion").) Rodriguez opposes the Motion, and Respondents filed a Reply in support of the Motion. (ECF Nos. 35, 36.) For the reasons stated below, the Court grants the Motion, dismisses the First Amended Petition ("Petition" (ECF No. 26)) as untimely, and grants a certificate of appealability.

## I. BACKGROUND

Rodriguez pleaded guilty in Washoe County, Nevada, to three counts of Attempted Lewdness with a Child less than 14 years of Age. (ECF No. 9-25 at 2.) On March 23, 2022, Rodriguez was sentenced to imprisonment for an aggregate of 216 to 720 months. (*Id.* at 3.) Rodriguez did not appeal.

On March 15, 2023, Rodriguez mailed a pro se state petition for a writ of habeas corpus to the state court. (ECF Nos. 9-27 at 18; 9-44 at 21.) Rather than affixing individual signatures to the prayer for relief, the certificate of service, and the affirmation (required

[1]Rodriguez is currently incarcerated at Ely State Prison. *See* https://perma.cc/4JPD-TNCN. Débora Borgas is the warden for that facility. *See* https://perma.cc/3CQV-M3FQ. At the end of this Order, the Clerk of Court is directed to substitute Rodriguez's current immediate custodian, Débora Borgas, as the respondent in lieu of Warden, Lovelock Correctional Center. *See* Fed. R. Civ. P. 25(d).

by NRS § 239B.030(1)), Rodriguez signed and dated the bottom of the last page following the certificate of service and affirmation. (*Id.*)

In a document dated March 20, 2023, the clerk of the state court notified Rodriguez that his petition was not in compliance with WDCR 10 because it was "not signed and dated," and directed him to "please correct and return for filing." (ECF No. 9-44 at 33.)

On March 29, 2023, Rodriguez again mailed a state petition, only this time, he individually signed and dated the conclusion of the prayer for relief, the certificate of service, and the affirmation. (ECF Nos. 9-27 at 16-18; 9-44 at 21.) The petition that he mailed on March 29, 2023, included the signature page from the original petition that he sent on March 15, 2023. (ECF No. 9-27 at 18.)

Although Rodriguez submitted no file-stamped copy, he alleges that when he re-sent the state petition for filing, he submitted a letter to the clerk stating that he was aware his petition was at that point untimely: "At this time of filing, however, the documents will be considered 'untimely' because my Habeas petition was supposed to be filed before 3/25/23, which was the one-year limit to file the petition based on the Judgment of Conviction." (ECF No. 9-44 at 23 (emphasis in original).) He alleges that he requested the clerk make a note of the date on which the clerk received the first petition:

> I am going to emphasize that I am not an attorney, and that I believed at the time of filing (3/15/23) that, in "signing" the "Certificate of Service," I had "signed and dated" the motion and the habeas, hence why you did not accept them and returned them. I am asking that you, the Clerk of the Court, please make a conspicuous note of (1) the date and signature of the original "Certificate(s) of Service" and (2) of the date you received the original filing (on 3/20/23). In addition, if you could please send back a brief letter indicating the above-stated facts.

(*Id.* at 24 (emphasis in original).) Rodriguez also filed a motion to appoint counsel. (ECF No. 9-28.) On April 4, 2023, the clerk filed the petition. (ECF No. 9-27 at 2.)

The State filed an opposition to the motion for appointment of counsel in which it argued that Rodriguez's petition was subject to mandatory dismissal as untimely and that Rodriguez did not allege good cause and prejudice to overcome the procedural bar. (ECF No. 9-29 at 3.) On September 11, 2023, the state court denied the motion for appointment

of counsel and dismissed the petition as untimely under NRS § 34.726(1). (ECF No. 9-32.) The state court explained that it dismissed the petition because Rodriguez's petition was filed after the one-year statute of limitation for filing a state petition, Rodriguez's petition was silent regarding good cause for the delay, the State's opposition to the motion to appoint counsel had alerted Rodriguez that his petition was subject to dismissal, Rodriguez did not file a reply addressing the untimeliness, and Rodriguez failed to establish good cause for the untimely filing. (*Id.* at 5-6.)

On September 25, 2023, Rodriguez filed a timely appeal from the order denying his motion for appointment of counsel and dismissing his petition. (ECF No. 9-34.) In his informal brief, Rodriguez explained his previous attempt to file a petition on March 20, 2023, and that when he resent the state petition on March 29, 2023, he also submitted a letter informing the clerk that he was aware his petition was at that point untimely, but it was because he thought, by signing the Certificates of Service, he had signed and dated the petition he submitted on March 20, 2023. (ECF No. 9-38 at 4-5.) Rodriguez did not submit a copy of the letter he claimed he sent to the clerk. (*Id.*) Rodriguez also explained that on April 18, 2023, he received the State's opposition to the motion for appointment of counsel and that on May 1, 2023, he sent his reply to the opposition including supporting exhibits. (*Id.*) He claimed the clerk of court acknowledged receipt of the reply and filed it on May 5, 2023. (*Id.*) Rodriguez did not submit a copy of the reply, but argued his reply addressed the state's arguments regarding the timeliness of his petition and that, but for the clerk's failure to accept his original filing on March 20, 2023, his state petition would be timely. (*Id.*) He also argued, among other things, that his petition was timely the first time that he sent it because, under Nev. R. Civ. P. 5(d)(4), regardless of deficiencies, the state court clerk had a duty to file his petition and notify him of deficiencies so he could correct them. (*Id.* at 7-8.)

On July 3, 2024, the Nevada Court of Appeals affirmed the dismissal of the post-conviction petition:

> Rodriguez filed his petition more than one year after entry of the judgment of conviction on March 23, 2022.[1] Thus, Rodriguez's petition was untimely filed. *See* NRS 34.726(1). Rodriguez's petition was procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See id.*
>
> On appeal, Rodriguez argues that the district court erred by denying his petition as procedurally barred. In its order, the district court found that Rodriguez did not allege good cause and prejudice in his petition. This finding is supported by the record. Rodriguez's petition is silent as to good cause and prejudice for filing the untimely petition. On appeal, Rodriguez argues that he attempted to file a timely petition, but it was returned unfiled because he failed to sign the petition. He then alleges that he re-sent his petition for filing with his signature on March 29, 2023, after the one-year time period had run. Thus, by his own admission, he could have alleged good cause on the face of the petition. See *Chappell v. State*, 137 Nev. 780, 787, 501 P.3d 935, 949 (2021) (holding that a "petitioner's explanation of good cause and prejudice for each procedurally barred claim must be made on the face of the petition."). Therefore, we conclude that the district court did not err by dismissing Rodriguez's petition as procedurally barred.
>
> Rodriguez also argues that the district court erred by finding that he did not file a reply to the State's opposition. He alleges he filed a reply and received a file-stamped copy of the reply. Rodriguez's reply is not in the record on appeal, and it appears the district court did not receive a copy of the reply. Therefore, it was not error for the district court to find that Rodriguez did not file a reply.

*Rodriguez v. State*, 550 P.3d 849, 2024 WL 3298315, at *2 (unpublished) (Nev. App. 2024); (ECF No. 9-43.) In the footnote, the court stated:

> We note the judgment of conviction was filed on March 25, 2022, but was dated "nunc pro tunc to March 23, 2022." Regardless of the date of the filing of the judgment of conviction, Rodriguez filed his petition more than one year after the filing of the judgment of conviction.

(*Id.*)

On July 25, 2024, Rodriguez petitioned for reconsideration of the Nevada Court of Appeals's affirmance and attached copies of (1) a letter dated March 29, 2023 that he claims to have sent to the state clerk that bears no court file-stamp; and (2) a reply to the State's opposition bearing a file-stamp suggesting it was filed on May 4, 2023, but that does not resemble the file stamps used by the state clerk for any other filings in Rodriguez's case. (ECF No. 9-44 at 2-10, 13-19, 23-24.) He also argued, among other

things, that the clerk of court had a duty to file his petition when the clerk received it on March 20, 2023, and failure to do so constituted official interference substantial enough to excuse his delayed filing of the state petition. (*Id.* at 6.) On September 19, 2024, rehearing was denied. (ECF No. 9-45.) Remittitur was filed on October 18, 2024. (ECF No. 9-46.)

On November 3, 2024, Rodriguez commenced this federal habeas corpus action by mailing a pro se Petition for a Writ of Habeas Corpus. (ECF Nos. 1-1 at 12.) Following the appointment of counsel, Rodriguez filed a First-Amended Petition. (ECF Nos. 23, 26.)

## II. DISCUSSION

Respondents move to dismiss the Petition arguing that both Rodriguez's original and First-Amended Petition are untimely. (ECF No. 28 at 3-6.) Rodriguez alleges he is entitled to equitable tolling because he has demonstrated diligence and extraordinary circumstances and the state court clerk erred by rejecting the state petition that he originally submitted on March 15, 2023. (ECF No. 35 at 2-11.) For the reasons explained below, the Court concludes Rodriguez is not entitled to equitable tolling and grants the Motion to Dismiss the Petition as untimely.

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The limitation period begins to run from the latest of four possible accrual dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The judgment in Rodriguez's case was entered *nunc pro tunc* to March 23, 2022. (ECF No. 9-25 at 4.) Rodriguez did not file a direct appeal. Thus, the date on which the judgment became final by the expiration of the time for seeking appellate review was April 22, 2022. *See* Nev. R. App. P. 4(b)(1)(A) (stating that, except in circumstances not relevant here, "[t]he notice of appeal by a defendant or petitioner in a criminal case must be filed with the district court clerk within 30 days after . . . the entry of the judgment or order being appealed . . .."); s*ee also* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-150 (2012).

The 365-day limitation period for filing a federal petition commenced the next day, April 23, 2022. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Fed. R. Civ. P. 6(a) to the AEDPA statute of limitations); *see also* Fed. R. Civ. P. 6(a)(1). Absent statutory or equitable tolling, the 365-day limitation period for filing a federal petition commenced on April 23, 2022, and expired a year later, on April 23, 2023, making Rodriguez's federal petition, filed on November 3, 2024, untimely.[2]

**B. Statutory Tolling**

No statutory tolling of the AEDPA-limitation period is allowed for the period between the expiration of the time for seeking direct review and the filing of a petition for post-conviction relief in state court because no state court proceeding is "pending" during such time. *See* 28 U.S.C. § 2244(d)(2). The federal limitation period is, however, tolled

[2]Rodriguez did not argue in his counseled response to the Motion that he is entitled to accrual of his limitation period under 28 U.S.C. § 2244(d)(1)(B), which allows the federal limitation period to commence on the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action. (ECF No. 35.) Even if he had raised that argument, for the reasons discussed in this Order, Rodriguez cannot establish the state clerk created an unconstitutional or unlawful impediment that prevented him from timely filing his federal petition.

while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.*

"An application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (citing, *e.g., United States v. Lombardo,* 241 U.S. 73, 76 (1916) ("A paper is filed when it is delivered to the proper official and by him received and filed.")). "And an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id.* "These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted).

Rodriguez had until March 23, 2023, to file a timely state post-conviction petition. *See* NRS § 34.726, *as amended by* Laws 2013, c. 343 § 84, eff. Jan. 1, 2015, to June 30, 2023 (stating "[u]nless there is good cause shown for delay, a petition that challenges the validity of a judgment of conviction or sentence must be filed within 1 year after entry of the judgment of conviction . . ..."). The state court accepted Rodriguez's state petition for filing on April 4, 2023. (ECF No. 9-27 at 2.) The Nevada courts later ruled that, as a matter of state law, the petition was untimely, and Rodriguez failed to show good cause for the failure to timely file his state petition. (ECF Nos. 9-32; 9-43.)

While this Court may not have made the same decision as the Nevada Court of Appeals, this Court is not at liberty to second guess the decisions of the state courts. Because Rodriguez's state postconviction petition was not "properly filed" in accordance with state law, he is not entitled to statutory tolling of the AEDPA-limitation period under § 2244(d)(2) for the duration of the proceedings for his state postconviction petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."); *accord Zepeda v. Walker*, 581 F.3d 1013, 1018 (9th Cir. 2009) (explaining that "Supreme Court precedent indicates that whether a condition to filing is firmly established and

regularly followed is irrelevant," and "[i]nstead, where a state court rejects a petition for failure to comply with conditions of filing, that is 'the end of the matter.'").

**C. Equitable Tolling**

Rodriguez contends he is entitled to equitable tolling because forces beyond his control—namely the state court clerk's refusal to exercise its duty to accept his initial timely state postconviction petition—directly impacted his ability to timely file the federal petition despite his diligent efforts to file a timely state petition. (ECF No. 35 at 2-10.)

The Supreme Court has held that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Fla.*, 560 U.S. 631, 645 (2010). Equitable tolling is appropriate when (1) a petitioner has been pursuing his rights diligently, and (2) some extraordinary circumstances stood in his way and prevented timely filing. *Id.* at 649 (citing *Pace*, 544 U.S. at 418).

**1. Reasonable Diligence**

To satisfy the first requirement for equitable tolling, a petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2020) (*en banc*). The level of diligence required for equitable tolling is "reasonable diligence" not "maximum feasible diligence." *See Holland*, 560 U.S. at 653 (quotation marks and citations omitted). "The purpose of requiring a habeas petitioner to show diligence is to verify that it was the extraordinary circumstance, as opposed to some act of the petitioner's own doing, which caused the failure to timely file." *Doe v. Busby*, 661 F.3d 1001, 1012-13 (9th Cir. 2011).

"[R]easonable diligence for equitable tolling purposes, however, refers to a petitioner's diligence in protecting his federal rights, not his state rights." *Carlstrom v. Callahan*, No. 17-55594, 2025 WL 1111492, at *1 (9th Cir. Apr. 15, 2025) (citing *Pace*, 544 U.S. at 418; *Lakey v. Hickman*, 633 F.3d 782, 784 (9th Cir. 2011) (explaining that a petitioner must "pursue[] his federal rights diligently" to obtain the benefit of equitable

tolling)). "To determine if a petitioner has been diligent in pursuing his [federal] petition, courts consider the petitioner's overall level of care and caution in light of his or her particular circumstances." *Doe*, 661 F.3d at 1013.

Rodriguez alleges he exercised diligence during the state proceedings by filing his state petition before his March 23, 2023, deadline, acting promptly to re-send the petition when notified of the deficiency, attaching a letter to the clerk explaining why he believed his original filing was signed and dated, acknowledging the new filing would be untimely, and requesting the Clerk of Court flag the original filing date, establishing good cause and prejudice for the late filing, appealing the dismissal of his state petition, and petitioning for rehearing to the Nevada Court of Appeals. (ECF No. 35 at 9-11.)

Although Rodriguez may have been diligent in litigating whether his state petition was timely, Rodriguez has not established he acted diligently with respect to pursuing his federal rights by filing a federal petition. He has not demonstrated that he made any efforts to file a federal petition at any time after his judgment became final in April of 2022 and until he filed his federal petition on November 2, 2024. *See Pace*, 544 U.S. at 416 (explaining that, to avoid a predicament of litigating in state court for years only to find out at the end that the state petition was never "properly filed," a prisoner may file a "protective" petition in federal court and ask the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted).

The state court record shows that Rodriguez knew by March 29, 2023, that his state petition was untimely because he claims that he told the clerk he was aware that it was untimely. (ECF No. 9-44 at 17.) At that time, he had until April 23, 2023, to file a federal habeas petition. He did not seek to file a protective federal habeas petition before that deadline or at any time. And it is likely that, if Rodriguez had filed a timely application to file a federal protective petition within the federal limitation period, it would have been granted as it was not certain, and even he doubted, his state postconviction petition was timely. *See Pace*, 544 U.S. at 416 (indicating a prisoner's "reasonable confusion about whether a state filing would be timely" will ordinarily constitute good cause for a protective

federal petition). Under these circumstances, the Court concludes Rodriguez has not established he acted diligently in pursuing his federal rights in a federal petition.

**2. Extraordinary Circumstances**

To satisfy the second requirement for equitable tolling, a petitioner must demonstrate that the "extraordinary circumstances" were the cause of his untimeliness. *See Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). In other words, "that some external force caused his untimeliness, rather than mere oversight, miscalculation or negligence." *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (internal quotation omitted). "In evaluating whether an 'extraordinary circumstance stood in [a petitioner's] way and prevented timely filing,' a court is not bound by 'mechanical rules' and must decide the issue based on all the circumstances of the case before it." *Smith*, 953 F.3d at 600 (citing *Holland*, 560 U.S. at 649-50) (emphasis added) (citation modified).

Rodriguez alleges the extraordinary circumstances that prevented or caused his timely filing of a federal habeas petition were that the state court clerk erroneously failed to file his petition when it was submitted during the state limitation period because, under state law, it was adequately signed and the clerk failed to meet the obligation to accept the petition for filing regardless of deficiencies. (ECF No. 35 at 2-8.) He alleges only one signature specifying a location was required. (*Id.*) He claims the clerk's review of the document without first filing it caused his untimely filing of the state petition. (*Id.*)

Even if Rodriguez is correct that, under state law, his signature on the originally submitted petition was adequate and the state clerk of court violated a duty to file his original state petition, Rodriguez has not shown the clerk's rejection of his initial state petition filing is an extraordinary circumstance that prevented him from filing a timely federal petition or was the cause of his failure to file a timely federal petition. Rodriguez concedes that he was aware that, when he sent his state petition to the state court on March 29, 2023, the state petition was at that point already untimely. Although the state court clerk filed the state petition on April 4, 2023, the federal limitation period did not

expire until April 23, 2023. Thus, even if the state clerk's rejection of his initial state petition was wrong, it did not constitute an extraordinary circumstance that prevented Rodriguez from filing a timely federal protective petition. Accordingly, Rodriguez is not entitled to equitable tolling.

## III. CONCLUSION

It is therefore ordered that the Motion to Dismiss the First Amended Petition (ECF No. 28) as untimely is granted. The First-Amended Petition (ECF No. 26) is dismissed with prejudice as time-barred.

A certificate of appealability is granted because reasonable jurists could find the dismissal of this action for the reasons stated in this Order debatable or wrong.

The Clerk of Court is directed to substitute Débora Borgas as the respondent in lieu of Warden, Lovelock Correctional Center.

DATED THIS 24th Day of July 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE